## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  23-CR-116 |
| vs. | : | |
| RICARDO BUSBEE | : | Judge Michael J. Newman |
| Defendant. | : | |

### DEFENDANT, RICARDO BUSBEE'S MOTION TO SUPPRESS EVIDENCE & STATEMENTS; REQUEST FOR HEARING

Defendant, Ricardo Busbee, ("Mr. Busbee"), through counsel, moves the Court to suppress any and all evidence seized from his residence, storage facilities, telephones and any other property attributed to him herein.  Mr. Busbee further seeks to suppress any statements he made in relation to this matter.

As grounds for his Motion, Mr. Busbee states that the evidence seized and any statements[1] he made were obtained in violation of his Fourth and Fifth Amendment rights guaranteed by the United States Constitution.

Mr. Busbee attaches a memorandum supporting this Motion for consideration and requests a hearing to develop a factual basis for this Motion and to present additional legal arguments in support thereof.

---

[1] Counsel is unaware of any statements Mr. Busbee made; however, she requests the right to challenge any such statements which the government may later reveal.

1

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER


By s/Cheryll A. Bennett
Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
1 South Main Street, Ste. 490
Dayton, Ohio 45402
(937) 225-7687
Cheryll_Bennet@fd.org

Attorney for Defendant
Ricardo Busbee


## MEMORANDUM

### FACTUAL SUMMARY

On September 12, 2023[2], law enforcement executed search warrants at storage facilities on Needmore Road and at 130 Laura Avenue, in Dayton, Ohio. The searches resulted from police investigation into an alleged drug trafficking organization the government claims Mr. Busbee led. The affidavit supporting the warrant relied upon information obtained from paid and unpaid informants, law enforcement observation and a search by Dayton Police Detective, Jeremy Stewart and his K-9, Weston.

---

[2] Law enforcement also secured a warrant to search 820 Osmond Avenue and 202 E. Bruce Avenue on December 19, 2023, however, Mr. Busbee is unaware of the results of any searches to those properties. Mr. Busbee reserves the right to supplement this Motion to include said properties if law enforcement executed said warrants and discovered contraband as a result.

2

Because of said searches, law enforcement seized several firearms, narcotics, and related contraband and charged Mr. Busbee with the instant offenses. Mr. Busbee states that the warrant's affidavit did not provide sufficient probable cause to support its issuance, and the searches cannot be saved by any exception to the warrant requirement.

**LAW**

The Fourth Amendment protects an individual from unreasonable government searches, by requiring the issuance of warrants only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. *Payton v. New York*, 445 U.S. 573, 585, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980). "[T]he physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. *Id*., citing, *United States v. United States District Court*, 407 U.S. 297, 313.

To determine if an affidavit establishes probable cause, a court should consider only the four corners of the affidavit, which must provide a proper nexus between the location to be searched and illegal activity, and which should not omit material facts. *United States v. Carpenter*, 360 F.3d 591, 594-595 (6th Cir. 2004) (*en banc*); *United States v. Davis*, 430 F.3d 345 (6th Cir. 2005). In addition, "[t]he 'veracity' and 'basis of knowledge' of persons supplying" information for the affidavit are or tantamount importance. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

While law enforcement's training and experience are important to a court's probable cause determination, it cannot substitute for the lack of an evidentiary nexus between the target property and criminal activity. *United States v. Schultz*, 14 F.3d 1093, 1097 (6th Cir. 1994), citing, *Texas*

3

*v. Brown*, 460 U.S. 730, 742-43, 75 L. Ed. 2d 502, 103 S. Ct. 1535 (1983); *U.S. v. Martin*, 920 F.2d 393, 399 (6th Cir. 1990).

Here, no nexus existed between the search locations and criminal activity. Moreover, the affidavit relied on information from individuals whose veracity and credibility were not established, and omitted facts material to the probable cause determination.

Likewise, the canine search failed to provide probable cause to issue the warrant, as the affidavit lacked any information relative to the canine's training, certification, and reliability, or that of his handler.

No reasonable judge could have determined that sufficient probable cause existed for issuing the warrants herein, and consequently, all items discovered pursuant to such warrant and any statements made as a result thereof, should be suppressed.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER


By s/Cheryll A. Bennett
Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
1 South Main Street, Ste. 490
Dayton, Ohio 45402
(937) 225-7687
Cheryll_Bennet@fd.org

Attorney for Defendant
Ricardo Busbee

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was served upon Amy Smith and Kelly Rossi, Assistant United States Attorneys, and upon all counsel of record for co-defendants herein, on the filing date.

                                                     s/Cheryll A. Bennett
                                                     Cheryll A. Bennett